Our next case on the call of the docket is agenda number five, case number 113471 People v. George Evans. Counsel for the appellant, please proceed. Your Honors, may it please the Court, my name is Patrick Cassidy, counsel. I represent Mr. Evans, petitioner in this case. Your Honors, there are two related issues before the Court today. First, what standard or procedure should apply when a trial court is determining whether to grant, leave, or defile a successive petition that alleges cause of prejudice for a constitutional claim? And second, under whatever standard does apply, whether Mr. Evans met that burden with his allegation that subsequent to his initial petition he learned that his sentence had been increased beyond the judicially imposed term in violation of due process. Your Honors, this case gives us court a vehicle to set forth a clear framework for how trial courts should determine cause of prejudice. It's important to note initially that this Court's recent decision, People v. Edwards, on which the State principally relies, doesn't speak to this issue because Edwards was dealing with how to apply the leave to file requirement in the statute with a non-statutory judge-made exception to the cause of prejudice test for claims raising actual innocence. Here we're applying one statutory provision, the leave to file requirement, to another, the cause of prejudice test. And so we believe that the intent of the legislature here is what must control the outcome of this case. So the operative question is what threshold showing of cause of prejudice did the legislature intend? And we believe that the answer to that is that it was that they intended the petitioner to meet an arguable basis standard. Before we get there, Mr. Cassidy, let me ask you kind of a long-winded question here because it includes a quote. On the cause question, your client states that he did not include the MSR issue in his initial petition because the issue, quote, was not yet discovered to me yet, and when I did learn about it, more research needed to be done. He concludes by saying, basically, I, petitioner, just discovered this. That's his quote. Exactly, yeah. Yet when your client was sentenced, section 5-8.1 of the Unified Code of Corrections expressly provided that every class X sentence, quote, shall include, as though written herein, a three-year term of MSR in addition to the term of imprisonment. And this was also the law when your client filed his initial petition, right? That's correct, yeah. So here's the question. Has the law constitutes cause for failing to include an available claim in the initial post-conviction petition? Don't we have to answer that before we even talk about standards or whatever? Has ignorance of the law ever been used to generate cause? Well, I guess that presupposes that what law is eager enough? And this is how, and Pittsburgh recognizes, how a substantive claim becomes part of the cause question. Wampler is the law, your honors. Wampler and Early v. Murray says that Wampler is the law. And what does Wampler say? It says that the sentence under the law is what's imposed by the court, period. So it doesn't, whether he knew of the existence of MSR in the abstract or even of the requirement, it wasn't imposed in his case. And so he has no cause and he's, there's no ignorance here. That's just, he knows what the sentence is. He's relying on what the judge said the sentence was. The question is, when did he discover that it was in fact imposed by IDOC at some later date? And I agree, we don't know when that happened. He alleges that he learned that after his initial petition. And that, we think, is what suffices under, at least sufficient to grant leave to file this petition. So I know, your honor, this is a bench trial. It's found guilty. A trial, yes. So it's not, we're not talking about a benefit of the bargain analysis here. Correct, your honor. Sanabella, Whitfield, had nothing to do with the substantive claim. Substantive claim here that we're raising is entirely based on the Second District Court of Appeals decision in Early v. Murray and their application of the U.S. Supreme Court decision in Hill v. Wampler. And so we argue that under the proper threshold, which we believe should be the arguable basis threshold, we've met the standard just to file the petition. We're not asking even for evidentiary hearing, but just to file the petition and proceed. We believe that the arguable basis standard is the correct one for two reasons. Because the leave to file requirement, we all agree, I think, comes from federal law. It was designed to be consistent with federal law. And in federal law, they ask when determining whether to grant leave to file such a petition. The petitioner has made a prima facie showing of the statutory requirements. And what is a prima facie showing? It's whether the petition's allegations and documentation set forth a claim that's deserving of fuller exploration in the trial court. Moreover, under federal law, those pro se pleadings at that stage are taken to be true unless fanciful or demonstrably implausible. And we submit that that is the arguable basis standard that Illinois courts apply. And so that's what the legislature had in mind. When it imported the leave to file requirement into Illinois law. Under your reading of the statute, if leave to appeal is filed, or leave to file is allowed because of an arguable basis, at which stage does the petitioner have to demonstrate actual cause and prejudice? Well, we think he has to show an arguable claim of cause and prejudice to get leave to file. When counsel's appointed, he has to put forth a substantial showing of cause and prejudice, meaning allegations that can be corroborated and, if true, would establish cause and prejudice. And then if there's a factual or credibility dispute amongst what those allegations are, for instance, in this case, he alleges that he learned of this at a certain date and the state disputes, no, we believe this counselor told you about this at an earlier date, then we would have an evidentiary hearing to resolve a credibility dispute. So that's the third stage? Correct, Your Honor. On that issue, does the defendant's order of commitment reflect three-year MSR? No, Your Honor. No, it wasn't imposed orally. I don't believe it's on the order. On the order. Correct, Your Honor. So, again, so that's basically the way we think things should progress. Arguable cause, arguable basis in law, in fact, for both One thing I want to make clear is that we are not asking this Court to treat a successive petition identically to an initial petition, because the added element of cause makes it much harder to raise a claim in a successive petition. You have to show the subjective factor. And so it's going to greatly narrow the types of claims that can be raised in a successive petition. So requiring an arguable showing of cause is a very restrictive standard. It may be a low threshold, the arguable basis standard, but it's a very narrow door from which to go through the cause and prejudice door, and very few petitioners will be able to make that showing. I'm having trouble getting past my initial question, so let me try it in a slightly different way. You're saying your client is saying he didn't know. Right. Right? I mean, he's saying, I didn't know about the MSR term. For the purposes of cause. Right. He didn't know that he had an MSR term. Right. And isn't that simply ignorance of the law when the statute specifically provides that the class act sentence shall include, as though written therein, a three-year term of MSR in addition to the term of imprisonment? So he didn't personally know that the law was that he had an MSR term. So your cause is No, it's not, Your Honor. What is the law? Is it the statute, or is it the US Supreme Court's decision in Wampara that says that no matter what the statute says, this is the exact issue that was raised before the Second Circuit Court of Appeal. Exactly. No matter what the law says happens by operation of law, doesn't matter. If it's not imposed by the judge, it can't be enforced. That's the law that applies here. And if that's correct, assuming that is correct, then there was, no matter what the statute says, he never had an MSR term until sometime later, Illinois Department of Corrections put that in on its own. It wasn't put on by the judge, and therefore, under Early v. Murray, it wasn't part of the sentence. So again, this is an example of how the substantive claim at issue affects the cause determination. And that's just why we need further proceedings here. So, and this Court recognized that in Pitts and Barger, that the substantive claim is part of the, can be part of the analysis of cause and prejudice. In Strickler v. Green, the US Supreme Court has recognized that in Brady claims. And I think this is just another instance of that. So again, you know, the state argues, instead of using the arguable basis standard, the state argues that there should be the standard derived from Edwards, which held that the standard should be a colorable claim of actual innocence. The state suggests here it should be a colorable claim of cause and prejudice. I just want to make one major point about that. There is no such thing in federal law as a colorable claim of cause and prejudice. And so it was not a possibility that the legislature intended that standard to be used. And because the legislative intent must control that, that really should end the matter as far as that proposal goes. Are you arguing that in no case where a trial judge fails to mention MSR, it can never be imposed? Or are you arguing that only if you can show prejudice, as you're alleging here, because the defendant was required to serve 85 percent of a 12-year sentence resulted in, I think, 10.2 years, plus a three-year exceeds the 12 years that the trial court imposed? Our argument, the argument under Early v. Murray, our argument is that if it's not imposed by the judge, three years MSR, it can't be enforced and it would not matter whether it was 85 percent or 50 percent. Because I think 85 percent and 50 percent means, well, we think you served your 12-year sentence. We're going to give you extra credit. And so once you've served 12 years, however the state, you know, counts that, then that's the end, unless there is this, unless the judge has imposed an additional term. So if a defendant serves only 50 percent, he's eligible to serve a three-year MSR term because it's less than the 12 years that was imposed? No, actually. No, I don't think so. Because if he served 50 percent, what he's done is he's gotten day-for-day credit. So he's gotten credit for him to have served 12 years, then that would be the end of the matter. Again, that's, it's just what, you know, the law requires a judge to impose whatever sentence. It's, the IDOC has them through a warrant of commitment. They can't keep him in custody for a day longer than that, authorized by a judge, that sentence. That's a substantive claim here. But again, I guess I don't understand your argument. If a judge says 12 years and he's eligible for day-for-day good time credit, and he served six, and then it's a three-year MSR, does he have to serve the MSR? If he's eligible for day-for-day, if he gets it, then he's considered, I think, to have served 12. I suppose this Court doesn't have to reach that here because, in our case, it is 85 percent, so no matter what, he'll end up serving more than 12 actual years. But I think... So you're not arguing that in every case that a judge fails to say MSR, in addition to whatever the sentence is imposed, the MSR cannot be served. It's only where it affects the total amount of time that he was spent in prison, plus the MSR. I think that is one interpretation, and we would be happy with that. I do think the early demerit, though, however, would support an argument in the other, in the other circumstance. So we would be saying that the legislative directive doesn't mean anything in this, in any case? Well, it directs the trial court to impose it, but then the trial court does have to impose it. I don't think it says that if the trial court imposes it, it shall be. I think... You're right. You're correct. It just says, shall be, part of the sentence. Well, of course, perhaps, I think you could let him out after nine years, or have him serve the MSR if you wanted to, although I think some other provision would prevent that. So one way or another, there's going to be a legislative provision here that's going to be inconsistent. But, again, and I understand that this is a, you know, I have this argument. I talk to people about this. They don't believe it. But early demerit is directly on point. And, again, we're only asking to leave the file. So I don't know if this court has to even get to the merits of this. It could just say that there's a substantial question and move the case along. So just to sum up, Your Honors, we would ask that this court apply the arguable basis standard and reject the unworkable proposal of the states derived from a non-existent standard. You know, we've asked the court not to accept a colorable claim of cause and prejudice as the standard. We think that would sow confusion in the courts, and it would be inconsistent with the intent of the legislature. So we would ask this court to reverse the judgment of the appellate court and remand for leaving the file and further proceedings. If there are any further questions. Thank you. Thank you, Mr. Cassidy. Counsel for the appellee. Good morning, Your Honors. Sorry, I'm a little short. Counsel, may it please the court, Your Honors. My name is Siri London. I'm a Cook County Assistant State's Attorney here on behalf of the people of the State of Illinois. Both the language of the Post-Conviction Hearing Act and the holdings from this court make it very clear that one post-conviction proceeding is contemplated by the Act and that leave to file a successive petition is required. This court first applied the cause and prejudice test to determine whether or not to relax the bar from filing successive petitions. This court required a showing of actual cause and prejudice. Subsequent to this court's decision in Pittsburgh in 2004, the legislature enacted section 122-1F in which it required leave of court to file a successive petition and it codified the cause and prejudice test and clearly and plainly defined what the test was. The legislature made it crystal clear what the cause and prejudice test is and how it is defined. Based on the language of the Act and the holdings from this court, in order to satisfy the cause and prejudice test, defendant must demonstrate actual cause and actual prejudice. Defendant in this case urges this court to allow him to only show an arguable basis of cause and prejudice. This diminished standard is in direct contravention of the Act, ignores the long line of precedent from this court, and has been outright rejected by this court most recently in People v. Edwards. In Edwards, this court rejected applying this diminished standard in a situation where a defendant was seeking leave of court to file a claim of actual innocence. This reasoning and rationale applies even more applicably to this case where defendant is merely raising a claim of non-actual innocence. A claim which raises non-actual innocence is held to a higher standard and therefore the diminished standard urged by defendant must be flatly rejected. The non-actual innocent claims are required to satisfy the cause and prejudice test. While a claim alleging non-actual innocence has been held by this court in People v. Ortiz to be exempt from establishing cause and prejudice. Seeking leave to file a successive petition in a claim alleging actual innocence has been excused because this court has found that theoretically it could prevent a defendant from raising a freestanding claim of actual innocence, that this could not be allowed based on substantive and due process concepts. As claims alleging actual innocence are held to a lower standard, it stands to reason then if claims alleging actual innocence are not subject to the diminished standard which defendant asks this court to apply, then certainly it must be rejected in cases such as this where defendant makes a claim alleging non-actual innocence. Instead, in conformity with the act and the long line of precedent from this court, defendant must establish actual cause and prejudice to satisfy the test to be granted leave to file a successive petition. If this court were to decide it must apply a lesser standard, then we ask this court to apply a test which is at least on par with the culpable claim of innocence by this court in People v. Edwards. Before applying the actual cause and prejudice test to defendant's specific claim, the people wish to make a couple things very clear. The cause and prejudice test only applies at the leave to file stage. It is only relevant as a determination of whether defendant should be granted leave to file a successive petition. It does not follow defendant to second stage if in fact he has satisfied the test and the cause moves on to second stage. At that point, the standards which apply to second stage would be what is appropriate. Furthermore, defendant's usage of the prima facie language, which he talks about in the federal standards, does not apply in this case. That applies under AEDPA, which in fact under the AEDPA, the type of claim which defendant raises here would not even fall within one of the two exceptions which would allow for a successive habeas petition to be brought in federal court. Furthermore, with regards to the federal standard, this court didn't look to the AEDPA when determining the cause and prejudice test. This court looked to the definition from McClansky v. Zandt from the United States Supreme Court. And that is the cause and prejudice test which was first applied in Flores, in 2004. With regard to applying the standard to the instant claim by defendant, leave to file defendant's successive petition was properly denied where he failed to satisfy the cause and prejudice test. With regard to cause, defendant failed to establish cause where his bare assertion that he just, he didn't know the information yet, he had just found out that he was wholly insufficient as a means of identifying an objective standard which impeded his ability to raise this issue in his initial petition. Defendant failed to establish when and how he discovered the fact about MSR. He failed to allege why he was unable to raise this claim in his initial petition which was filed in 2008, several years after he was sentenced which was in 2005. And this is especially true considering the fact that the issue that he did raise in his initial petition was similar and he could have raised it in his initial petition. Furthermore, because MSR is a mandatory term which attaches to every term of imprisonment, this issue is not unique. It is not novel and certainly defendant could have raised this issue in his initial petition. With regard to prejudice, your honors, as a matter of law. Let's stay on cause for a minute. Yes, your honor. You heard my questions regarding ignorance of the law. Is that how you would characterize the claim? Absolutely. All right. How do you address opposing counsel's position that it's, the federal cases would trump, that since the trial judge didn't mention MSR, that ignorance of law would not apply in that case? We would address it in a couple ways, your honor. First of all, this is not a situation in which the Whitfield decision would apply. This was not a negotiated plea of guilty. It was a sentence after a finding of guilty from a bench trial. The trial court was under no obligation to advise defendant of the MSR term which attached to his sentence by operation of law. Secondly, with regard to the decisions which defendant rely on, Wampler and Early, they are completely distinguishable and do not apply. Wampler involved a discretionary sentencing matter which was not imposed by the court, but later added by a clerk. MSR is a mandatory, statutorily mandatory provision which attaches to every sentence of imprisonment by operation of law. Early, which is a Second Circuit decision which does not need to be followed by this court, wrongly extended the decision in Wampler. Furthermore, Early was a negotiated plea of guilty, and in fact, therefore in Illinois, it would fall under the Whitfield decision. Also, we wish to point out, based on further cases which have relied on Early from New York, New York has statutory provisions which require a trial court to impose an entire sentence on a defendant, including expressly stating terms of MSR, they call it PRS. Illinois does not have that. This was a sentence after a bench trial, and therefore we would maintain, Your Honor, that yes, ignorance of the law is insufficient to establish clause, and the cases he relies on do not apply. Okay. Here is the conundrum. If we agree with the defendant's position, it seems clear that the reason that we took this case is to, you know, what standard do we apply? And the first portion of your argument went to what standard is applied. If we agree with your position, and what I have been asking opposing counsel, that the nature of the cause is ignorance of the law, and ignorance of the law can never be cause, isn't the danger in even getting into what standard applies being such that, because under any standard, if ignorance of the law could never be cause, to address the standard, doesn't this court then imply that in some cases, ignorance of the law would be a basis, depending on the standard? Do you see where I'm going? Do we even get to the standard if ignorance of the law can never be cause? Yes, I think we do, because we must, because we have to take into consideration the plain and clear language of the Post-Conviction Hearing Act, and decisions by this court, because it's consistent. Both the decisions of this court and the plain language of the act make it very clear that the standard is actual cause and actual prejudice, and how it applies to ignorance of the law, I suppose. Well, is your position that ignorance of the law cannot survive either standard? Absolutely, in this case. Then why wouldn't that end the case? Because then we would be taking the language of the act and making it clear that the test is cause and prejudice. I think it's related, certainly, and it's part of the question which must be answered with regard to cause. So it would not be dicta of this court to say that ignorance of the law can never be cause, and then go on to say, what is the appropriate standard of cause? That wouldn't be dicta? I'm not certain if it would or not. I think it's related. And I certainly feel that in this case, the ignorance of the law is not a reason for him to establish cause. Possibly, if it's ignorance of the law, which is a new law of constitutional magnitude, maybe then that would be an example when cause could be established. But in this case, certainly, defendant has absolutely not satisfied the cause prong of the cause and prejudice test. Now, with regard to the prejudice prong, as a matter of law, defendant is unable to establish prejudice. MSR is a statutorily mandated provision which is in addition to every sentence of imprisonment and attaches to defendant's sentence by operation of law. The exact terms of MSR is set by the legislature. A defendant in this case was convicted after a bench trial. He was sentenced as a class X, a felon, and by operational law, a mandatory three-year term of MSR attached to his sentence. MSR is not discretionary. The trial court could not have increased it, decreased it, or chose not to have omitted it. It's a fixed term set by statute. It's a mandatory component of defendant's sentence. As discussed earlier, this case is not a negotiated plea of guilty. So Whitfield does not apply. Therefore, the trial court had no obligation in this case to advise defendant of the mandatory MSR term he would have to serve, which was attached to his sentence by operational law. Furthermore, your honors, in defendant's brief, he raises an issue concerning separation of powers. We equally maintain that that is without merit. Over 30 years ago, this court upheld the enactment of the mandatory parole provisions and held it was within the Illinois General Assembly to enact the mandatory parole provisions and that it did not violate separation of powers clause of the Illinois Constitution. Defendant's sentence was not increased by IDOC. MSR is a mandatory component of defendant's sentence and it serves as a transition period from prison life to a return to society with full freedom. Application of this mandatory MSR term did not violate defendant's due process rights or the separation of powers rights. In conclusion, your honors, if there's no more questions, based on our brief, we ask this honorable court to find the defendant failed to establish the cause and prejudice test and that leave to file his successive petition was properly denied and thereby affirm the appellate court's judgment. Thank you so much. Thank you, Ms. London. Any rebuttal, Mr. Cassidy? Thank you. A few points. Your honors, before you can ask whether someone is ignorant. Why don't you pull that microphone up? Thank you, your honor. Before you can ask whether someone is ignorant of the law, you have to. He's just a tall guy, by the way. You have to adjudicate what the law is. Is it that MSR operates by operational law and springs up, notwithstanding Early v. Murray and Wapler? Or is Early v. Murray the law? And, in fact, this MSR was not part of the judgment imposed, notwithstanding the Illinois legislature. So I think any determination on ignorance of the law would presuppose a determination on adjudication of the merits. The opposing counsel asks you not to follow Early v. Murray. This question, it can't be distinguished from Illinois law. It's going to be raised in the Seventh Circuit, a district court originally awarded relief on a defendant in the exact same position as my client, a bench trial, not a plea. That court then did reverse its decision on EDPA grounds, clearly established grounds, but a certificate of appealability has been granted. And so the Seventh Circuit is going to speak to this. This is clearly a substantial issue. And, again, we're only seeking leave to file this petition. So we think it's substantial enough to get us past the prejudice prong. Just a few points about the State's proposed view of cause and prejudice determinations. The State's whole basis is that cause and prejudice is a higher standard than actual innocence. That's simply not correct. Murray v. Carrier. Cause and prejudice is the general, easier way to avoid default. Actual innocence is only triggered in the rare case, as a safety valve, when the petitioner can't satisfy the cause and prejudice test. It requires a more than likely than not showing, which is a much harder test than the cause and prejudice test requires. So the whole premise of her entire argument is not correct. Moreover, counsel argues that the – Is that her argument? I took counsel to say that non-actual innocence claims were held to a higher standard. That's not the case. I think she said if an actual innocence claim wasn't held to a higher standard, why would we hold a non-actual innocence claim to a higher standard? Well, the actual innocence claim is held to a higher standard than a cause and prejudice claim. Maybe I miss – I don't mean to mischaracterize her argument. Well, she cited evidence, right? Right. In other words, it's opposing a higher standard, a more likely than not standard. And then she said if we're going to impose any standard higher than cause and prejudice, then impose that standard. And that would be inconsistent with federal law. It should be a lower standard for cause and prejudice. Also, the state argues that we should make the entire determination at the first stage. Well, that's not what happened in Pitzenbarger. Prejudice – of the prejudice prong was determined at third stage, and Guerrero of cause was determined at third stage after an evidentiary hearing. So how are we to do this at the first stage? Do we have an evidentiary hearing? What rules would guide us? I don't know what they would be. When would counsel be appointed? Because counsel doesn't get appointed normally until second state proceedings. So I think the state's proposal raises a host of unanswered questions that trial courts would not be able to deal with. So we would ask this Court to just apply the arguable basis standard requiring an arguable basis of both cause and prejudice for trial courts to determine whether to grant or leave the file. If there are no further questions, Your Honor, thank you. Thank you. Case number 113471, People v. George Evans, is taken under advisement as agenda number five. Mr. Marshall, the Illinois Supreme Court stands adjourned until Wednesday, November 14, 2012, 9 a.m.